IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DIMITRI MARKEL NANCE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-01260-STA-jay |
| ) | |
| **JASON EDWARDS, ET AL.,** ) | |
| ) | |
| Respondents. ) | |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241 WITHOUT PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 18, 2024, Petitioner Dimitri Markel Nance, Tennessee Department of Correction ("TDOC") prisoner number 00579761, an inmate at the Carroll County Jail in Huntingdon, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On January 2, 2025, Petitioner filed an Application to Proceed in District Court Without Prepaying Fees or Costs and a certified trust fund account statement. (ECF No. 4.) On January 13, 2024, the Court granted Petitioner leave to proceed *in forma pauperis*. (ECF No. 5.)

I.   **THE HABEAS PETITION**

Petitioner was sentenced on April 4, 2022, in Case No. 21 CR 141 in the Circuit Court of Carroll County, Tennessee. (ECF No. 1 at PageID 1.)[1] Petitioner challenges the manner in which his sentence is being carried out and the application of jail credits. (*Id.* at PageID 2.) Petitioner contends that jail credits from June 10, 2024, through August 12, 2024, have not been

---

[1] According to the Tennessee Department of Correction Felony Offender Information website, https://foil.app.tn.gov/foil/details.jsp (last accessed Jan. 13, 2025), Petitioner is serving a two-year sentence for evading arrest that began on March 27, 2023, and ends on April 18, 2026.

submitted to the State from a revocation on August 12, 2024, and that good time credits are "missing from the initial 180 days served concurrent with sentence in Dyer County Detention Center from October 2022, through March 21, 2023." (*Id.* at PageID 2, 6-7.) Petitioner contends that on April 4, 2022, he signed for "21 CR 141 180 days to serve rest on papers 2 year at 30%, which was [to] run concurrent 19 CR 204 1 year at 30% which was served with a Job for Good Credits." (*Id.* at PageID 7.) Petitioner contends that he "should have over a Year plus of Credits but the State says It doesn't show those credits served in Dyer County Dyersburg, Tn." (*Id.*) Petitioner contends that his sentence should be complete with the application of these credits. (*Id.* at PageID 8.) Petitioner requests that the Court grant him the proper credits from Dyer, Weakley, and Carroll counties. (*Id.*)

## II. ANALYSIS

A writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States". *See* 28 U.S.C. § 2241(c)(3). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see United States v. Stark*, No. 18-5299, 2018 WL 4621947, at *1 (6th Cir. July 13, 2018) ("A § 2241 petition is proper only when a petitioner challenges the manner in which his sentence is being executed, names the prisoner's custodian as a respondent, and is filed in the district where he is confined") (citations omitted). An incarcerated state petitioner may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which a sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits. *See Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *1 (M.D. Tenn. Sept. 3, 2019) (citing *Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896 (6th Cir. 2005)); *Greene v. Tenn.*

*Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); *but see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241").

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts pursuant to 28 U.S.C. § 2254(b) and (c). *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This requirement applies to prisoners who file habeas petitions challenging the execution of their sentences under 28 U.S.C. § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Collins v. Million*, 121 F. App'x 628, 630-31 (6th Cir. 2005). The petitioner must "fairly present" each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has not been fairly presented to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not [ordinarily] be considered." *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner carries the burden of demonstrating exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In Tennessee, an inmate seeking to challenge the award of post-judgment sentence reduction credits, including "good time" or behavior credits, must follow the procedures set forth in the Uniform Administrative Procedures Act ("UAPA"). *See Yates v. Parker*, 371 S.W.3d, 152, 155 (Tenn. Crim. App. 2012) ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively"). Petitioner must follow the UAPA to challenge his sentence expiration date or release eligibility date. *See Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006) (the validity of any sentence reduction credits must be addressed through the UAPA). Under the UAPA, to exhaust a sentence calculation challenge, an inmate must first seek a

declaratory order about the sentence calculation from the TDOC. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012); *Bonner v. Tennessee Dep't of Correction*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-225(b)). If the TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court of Davidson County and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S.W.3d at 578; *see Harris v. Whisman*, No. 3:19-CV-00174, 2024 WL 4757591, at *6 (M.D. Tenn. Nov. 12, 2024).

Petitioner has not demonstrated that he has properly exhausted his state court remedies by seeking a declaratory order from TDOC or a declaratory judgment in chancery court. Because the § 2241 Petition has not been properly exhausted, the § 2241 Petition is **DISMISSED WITHOUT PREJUDICE.**

### III.   APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner's claims have not been exhausted. Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not warrant attention, the Court **DENIES** a COA.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: January 14, 2025

---

[2] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).